Opinion issued April 5, 2007





 













In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00680-CR

__________


MICHAEL KEITH HEARN, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the County Court of

Colorado County, Texas

Trial Court Cause No. 18,699






MEMORANDUM OPINION

 A jury found appellant, Michael Keith Hearn, guilty of the offense of
possession of marijuana. (1)
 After appellant pleaded true to the allegation in one
enhancement paragraph that he had been previously convicted of a Class A
misdemeanor, the trial court assessed his punishment at confinement for ninety days. 
In his sole issue, appellant contends that "the trial court erred [in] denying [his]
motion for mistrial" on the ground that the "State's witness testimony of prior violent
crime caused incurable harm." 

 We affirm.

Factual and Procedural Background


 Columbus Police Officer J. Schelsteder testified that on May 21, 2005, at
approximately 12:30 a.m., he stopped a car in which appellant was the front-seat
passenger. The driver of the car did not have "any unusual odors about him" and did
not appear to be "under the influence of anything." After Schelsteder secured the
driver, he approached the car and noticed a strong odor of marijuana. Columbus
Police Officer T. Ramirez and Detective I. Leall arrived as "back-up." When the
officers searched the car, they found a bottle of crack-cocaine, a marijuana "joint" in
the glove box, and two bags of marijuana behind the "kick panel" on the passenger
side of the car.

 Officer Ramirez testified that he handcuffed appellant, noticed appellant's eyes
were red and bloodshot, and could smell the odor of burnt marijuana. Appellant
"seemed intoxicated" and his "speech seemed slow." Ramirez did not smell any odor
of alcohol. On cross-examination, Ramirez stated that he had previously encountered
appellant in an unrelated traffic stop, so he had knowledge of appellant's speech.

 Detective Leal testified that he and Ramirez ordered appellant out of the car,
and appellant was "moving real slow like he was intoxicated." Appellant had a
"strong odor of marijuana about his person," his eyes were red and bloodshot, he
"seemed to be very intoxicated," and he had a "hard time maintaining his balance."
Appellant asked Leal if he could have a seat, which Leal considered to be a behavior
characteristic of an intoxicated person. Leal did not smell the odor of an alcoholic
beverage on appellant. Leal stated that there were bags of marijuana located inside
a kick plate on the passenger side of the car, near where appellant was sitting, and the
kick plate looked like it had "just been moved." Leal also stated that there was "loose
marijuana" scattered around the passenger side of the car.

Motion for Mistrial

 In his sole issue, appellant argues that the trial court erred in denying his
motion for mistrial because the "State's witness testimony of prior violent crime
caused incurable harm." Appellant asserts that Leal, during his direct examination,
stated that appellant has been previously investigated on a robbery charge, this
testimony was inflammatory, and it was impossible to withdraw the impression left
by this testimony from the minds of the jurors. Appellant further asserts that the
testimony was "especially egregious" based on the fact that Leal was "presented to
the jury as a highly trained and experienced officer." The State counters that
appellant "objected before any error could occur" and that the trial court's instruction
to disregard the testimony was sufficient to cure any harm.

 During Leal's testimony, the following exchange occurred:

[State]: How did you identify [appellant] when you got to
the scene?


[Leal]: I've had previous dealings with him before.


[State]: So you know him on sight?


[Leal]: Yes.


. . . . 


[State]: Did you observe anything unusual about [appellant]
when he stepped out of the vehicle?


[Leal]: He seemed to be moving real slow like he was
intoxicated.


[State]: And you say you have seen [appellant]--you've had
occasion to come into contact with him previously?


[Leal]: Yes, I have.


[State]: On what occasions where those?


[Leal]: We had a robbery at the Columbus Plaza apartments
and the suspect they described in the robbery was
wearing all red with a red bandana. And while we
were taking statements from the victim--


 [Appellant]: I'm going to object, Your Honor, if they are going to
try to put in some past kind of incident. We would
object. That is totally improper.


[Trial Court]: Sustained.


[Appellant]: I would ask for a jury instruction.


[Trial Court]: Okay, disregard the previous statement.


Appellant then moved for a mistrial, which the trial court denied. (2) 

 We review a trial court's denial of a motion for mistrial for an abuse of
discretion. Ladd v. State, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). A trial court
may declare a mistrial when an error occurs that is so prejudicial that the expenditure
of further time and expense would be wasteful. Wood v. State, 18 S.W.3d 642, 648
(Tex. Crim. App. 2000). However, when objectionable testimony is elicited,
inadvertently or deliberately, an appellate court presumes a jury will follow
instructions to disregard the evidence. Drake v. State, 123 S.W.3d 596, 604 (Tex.
App.--Houston [14th Dist.] 2003, pet. ref'd); see also Gardner v. State, 730 S.W.2d
675, 696 (Tex. Crim. App. 1987). Thus, a trial court's instruction to disregard can
cure any harm resulting from testimony referring to extraneous offenses "unless it
appears the evidence was so clearly calculated to inflame the minds of the jury or is
of such damning character as to suggest it would be impossible to remove the harmful
impression from the jury's mind." Drake, 123 S.W.3d at 604 (citing Kemp v. State,
846 S.W.2d 289, 308 (Tex. Crim. App. 1992)).

 Here, appellant promptly objected before Leal explained appellant's
connection, if any, to the referenced robbery. Contrary to appellant's assertions, Leal
never stated that appellant had actually been investigated as a suspect in the robbery
or that appellant had committed some other extraneous offense. In fact, without
further details, the jury could have reasonably believed that appellant was a witness
to the robbery. However, even assuming Leal's testimony could be considered an
impermissible reference to an extraneous offense, appellant timely objected, and the
trial court immediately instructed the jury to disregard Leal's testimony. 
Furthermore, the State did not make additional references to this alleged robbery
during the remainder of the trial. Accordingly, we hold that any possible harm caused
by Leal's testimony was cured by the trial court's instruction and that the trial court
did not err in denying appellant's motion for mistrial. See Hughes v. State, 878
S.W.2d 142, 154 (Tex. Crim. App. 1992) (holding that trial court's instruction was
sufficient to cure any harm caused by police officer's reference to appellant having
a parole officer); Drake, 123 S.W.3d at 603-04 (holding that jury could follow
instruction to disregard State's reference to defendant's "many burglaries"). 

 We overrule appellant's sole issue.

Conclusion


 We affirm the judgment of the trial court.



 Terry Jennings

 Justice


Panel consists of Chief Justice Radack and Justices Jennings and Bland.


Do not publish. Tex. R. App. P. 47.2(b).

1. See Tex. Health & Safety Code Ann. § 481.121 (Vernon 2003).

2. The State asserts that it engaged in this line of questioning to lay the foundation for
Leal's testimony regarding appellant's condition at the time of his arrest. The State
notes that this line of questioning was relevant because one of the factors that may be
used to establish an affirmative link between an accused and contraband is whether
"the physical condition of the accused indicated recent consumption of the contraband
found in the car." See Gilbert v. State, 874 S.W.2d 290, 298 (Tex. App.--Houston
[1st Dist.] 1994, pet. ref'd).